UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JERAMIE B. FARRENS,                    )
                                       )   No. CV-11-355-JPH
          Plaintiff,                   )
                                       )   ORDER GRANTING DEFENDANT'S
                                       )   MOTION FOR SUMMARY JUDGMENT
                                       )
               v.                      )
                                       )
                                       )
CAROLYN W. COLVIN, Acting              )
Commissioner of Social                 )
Security,                              )
                                       )
          Defendant.                   )
_____)

**BEFORE THE COURT** are cross-motions for summary judgment. ECF
ECF Nos. 18, 21. Attorney Maureen J. Rosette represents plaintiff.
Special Assistant United States Attorney Erin F. Highland
represents defendant. The parties have consented to proceed before
a magistrate judge. ECF No. 8. After reviewing the administrative
record and the briefs filed by the parties, the court **grants**
defendant's motion for summary judgment, ECF No. 21.

### JURISDICTION

Farrens applied for supplemental security income (SSI)
benefits on June 10, 2009. He alleged disability as of March 18,
2008 (Tr. 180-82). The application was denied initially and on
reconsideration (prior application: Tr. 88-94; current: 98-101,
103-04).

Administrative Law Judge (ALJ) Donna W. Shipps held a hearing

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

on October 14, 2010 (Tr. 43-83) and issued an unfavorable decision on October 28, 2010 (Tr. 20-33). The Appeals Council denied review on September 12, 2011 (Tr. 1-5). The ALJ's decision became the final decision of the Commissioner, appealable to the district court pursuant to 42 U.S.C. § 405(g). Farrens filed this action for judicial review on September 28, 2011. ECF Nos. 2, 4.

### STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Farrens was 26 when he applied for benefits (Tr. 32-ALJ). He completed high school and has worked, but at less than substantial gainful activity levels (Tr. 66, 76, 250).

Farrens alleges physical and mental limitations, but this appeal is limited only to the ALJ's assessment of mental limitations. Farrens is able to do dishes, ride the bus and play video games on the computer. He has problems focusing and concentrating (Tr. 69-70, 72-73).

About five months after onset, Farrens said he could work in event security if someone would hire him (Tr. 202). He spent a year and a day in prison for arson in 2004 (Tr. 202, 308, 314).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

provides that a plaintiff shall be determined to be under a
disability only if any impairments are of such severity that a
plaintiff is not only unable to do previous work but cannot,
considering plaintiff's age, education and work experiences,
engage in any other substantial gainful work which exists in the
national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
Thus, the definition of disability consists of both medical and
vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156
(9th Cir. 2001).

The Commissioner has established a five-step sequential
evaluation process for determining whether a person is disabled.
20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person
is engaged in substantial gainful activities. If so, benefits are
denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not,
the decision maker proceeds to step two, which determines whether
plaintiff has a medically severe impairment or combination of
impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination
of impairments, the disability claim is denied. If the impairment
is severe, the evaluation proceeds to the third step, which
compares plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity. 20 C.F.R. §§
404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P
App. 1. If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th

Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
"The [Commissioner's] determination that a plaintiff is not
disabled will be upheld if the findings of fact are supported by
substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is
more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,
1119 n. 10 (9th Cir. 1975), but less than a preponderance.
*McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989).
Substantial evidence "means such evidence as a reasonable mind
might accept as adequate to support a conclusion." *Richardson v.
Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch
inferences and conclusions as the [Commissioner] may reasonably
draw from the evidence" will also be upheld. *Mark v. Celebrezze*,
348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers
the record as a whole, not just the evidence supporting the
decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22
(9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th
Cir. 1980)).

It is the role of the trier of fact, not this Court, to
resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If
evidence supports more than one rational interpretation, the Court
may not substitute its judgment for that of the Commissioner.
*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th
Cir. 1984). Nevertheless, a decision supported by substantial
evidence will still be set aside if the proper legal standards
were not applied in weighing the evidence and making the decision.
*Brawner v. Secretary of Health and Human Services*, 839 F.2d 432,
433 (9th Cir. 1987). Thus, if there is substantial evidence to

support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one, ALJ Shipps found Farrens did not engage in substantial gainful activity after onset (Tr. 22). At steps two and three, she found he suffers from bilateral ankle pain, hammertoes, asthma, anxiety, depression and personality disorder with antisocial traits, impairments that are severe but do not meet or medically equal a Listed impairment (Tr. 22).

The ALJ assessed an RFC for a range of light work with the following mental limitations: no limitations in understanding, memory, concentration, persistence and pace. Farrens can occasionally accept instructions and respond appropriately to criticism from supervisors and set realistic goals or make plans independently of others. He should work away from the public, and could work in close proximity to but not in close cooperation with coworkers or supervisors (Tr. 23-24). At step four the ALJ found Farrens has no past relevant work (Tr. 22). At step five, relying on the VE, she found Farrens is able to work as an agricultural sorter, hand packager and production assembler (Tr. 32-33).

Accordingly, the ALJ concluded Farrens was not disabled as defined by the Act from June 10, 2009, through the date of her decision, October 28, 2010 (Tr. 33).

## ISSUES

Farrens alleges the ALJ erred when she weighed the medical evidence and determined his mental residual functional capacity.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

ECF No. 18 at 10-18.

**DISCUSSION**

**A.  Credibility**

Farrens does not challenge the ALJ's credibility determination, making it a verity on appeal. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Farrens's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but his statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment (Tr. 25).

The ALJ relied on relatively infrequent treatment for allegedly disabling symptoms, failure to follow treatment

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

recommendations, depressive symptoms are well controlled on
medication, inconsistently reported symptoms and limitations, and
MMPI-2 results in July 2008 indicative of over-reporting (Tr. 25,
27-29).

Noncompliance with medical care or unexplained or
inadequately explained reasons for failing to seek medical
treatment cast doubt on a claimant's subjective complaints. 20
C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th
Cir. 1989). Impairments controlled effectively with medications
are not disabling. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d
1001, 1006 (9th Cir. 2006). Over-reporting or exaggerating cast
doubt on credibility. *Tonapetyan v. Haller*, 242 F.3d 1144, 1148
(9th Cir. 2001).

After review the court finds the ALJ's reasons for
discounting plaintiff's subjective complaints are clear,
convincing, and fully supported by the record. Accordingly, the
ALJ correctly found Farrens's subjective descriptions of his
functional limitations were not fully credible.

**B.  Residual functional capacity**

Farrens alleges the ALJ erred when she failed to include
limitations assessed by Drs. Mabee and Arnold in the RFC. ECF No.
18 at 14-18. He alleges the ALJ failed to set forth the requisite
specific and legitimate reasons supported by substantial evidence
for rejecting these contradicted opinions.

The Commissioner observes the ALJ correctly gave little
weight to Dr. Arnold's assessed moderate and marked social
limitations. The ALJ's reasons include (1) invalid MMPI-2 results
suggestive of over-reporting (2) moderate and marked social

limitations are inconsistent with both the level of mental health treatment sought and with the ability to maintain friendships (3) symptoms were reported to be well-controlled with medication and (4) Farrens showed no signs of marked social limitation during two months of mental health treatment. ECF No. 18 at 10-11, citing Tr. 31, 381-82.

The Commissioner is correct.

*John Arnold, Ph.D.*

On May 25, 2010, nearly two years after onset, Dr. Arnold diagnosed psychotic disorder NOS, major depressive disorder (recurrent, moderate), paranoid personality disorder with antisocial features and a GAF score of 58.[1] He opined Farrens was markedly limited in the ability to relate appropriately to coworkers and supervisors and in the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting (Tr. 595-96).

The ALJ accurately observes Dr. Arnold's assessment is contradicted by other evidence.

At the hearing Margaret Moore, Ph.D., testified that the record as a whole does not support a psychotic disorder NOS diagnosis. She opined the symptoms described are more likely a part of the diagnosed personality disorder, a diagnosis made consistently throughout the record. Although during an evaluation Farrens reported hearing voices, he did not report this to

_____

[1]A GAF of 60-51 reflects: Moderate symptoms or moderate difficulty in social, occupational, or school functioning. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, PAGE 32 (4th ed. 1994).

treatment providers at Spokane Mental Health, undercutting the
credibility of the claim (Tr. 481). There is evidence of psychosis
induced by marijuana abuse (Tr. 434, 451, 471, 481). Dr. Moore
opined there is no evidence to support a diagnosis of dissociative
disorder and it appears to have been based solely on Farrens's
unreliable self-report, as the ALJ observes (Tr. 27, 49-51).

Farrens told Dr. Mabee he had more friends than his wife (Tr.
314) and has reported living with friends, undermining assessed
marked social limitations (Tr. 216, 252, 333, 517). Dr. Mabee
opined the MMPI-2 results in 2008 "should be examined with caution
due to potential over-reporting" (Tr. 316). A former employer
(from December 2006 - May 2008) notes Farrens had *no* issues with
coworkers, had no "write ups," was given no special consideration
and was an average employee. The employer never saw "any sign of
limitations, physical or mental." (Tr. 203-04)(emphasis added).
The ALJ is also correct that the record shows depressive symptoms
are well controlled with medication. *See e.g.*, Tr. 484, 487.

The ALJ did not err by rejecting Dr. Arnold's contradicted
opinion that Farrens suffers two marked social limitations. With
respect to moderate limitations, Dr. Arnold assessed the ability
to interact appropriately in public contacts as moderately
impaired (Tr. 596), incorporated by the ALJ when she limited
Farrens to work away from the public (Tr. 24). Dr. Arnold opined
Farrens was moderately limited in the ability to maintain
appropriate behavior in a work setting (Tr. 596). The ALJ
correctly refused to adopt this limitation because it is not
supported by the evidence.
///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

*W. Scott Mabee, Ph.D.*

Dr. Mabee first assessed Farrens on July 8, 2008 – about four months after onset (Tr. 309-19). The ALJ gave this opinion considerable weight, noting cognitive scores show Farrens has the ability to learn new information and engage in complex tasks through some form of repetitive exposure. Dr. Mabee opined limitations in judgment and recall are mild, testing shows memory is functional and activities of daily living do not appear problematic. He opined Farrens's personality characteristics are likely to affect his ability to establish relationships with the public, coworkers and supervisors but assessed a current GAF of 60, indicating moderate symptoms or limitations. Farrens told Dr. Mabee he can typically get along with others in the workplace (Tr. 314). The ALJ points out Dr. Mabee's assessment is supported by test results showing intact memory functioning and the MMPI-2 results suggestive of over-reporting (Tr. 31, referring to Tr. 309-19).

Farrens alleges the ALJ erred when the hypothetical omitted a moderate limitation in the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting. ECF No. 18 at 14-15. Farrens alleges because the ALJ gave Dr. Mabee's opinion significant weight and Dr. Mabee assessed this limitation (at Tr. 311), the ALJ erred by failing to adopt it.

Farrens is mistaken. The Commissioner notes the ALJ found Farrens is limited to occasionally accepting instructions from and responding appropriately to criticism from supervisors and setting realistic goals or making plans independently of others. She found Farrens should work away from the public and in close proximity

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

to, but not in close cooperation with, coworkers or supervisors. ECF No. 21 at 12, referring to Tr. 24. *Citing Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007), the Commissioner correctly observes the term "moderate" does not indicate a degree of limitation that must be expressly reflected in the RFC assessment. Id.

The evidence does not support this limitation, whereas the limitations adopted by the ALJ are supported by the record.

In June 2009 Dr. Mabee assessed Farrens again (Tr. 424-31). The ALJ gave this opinion less weight than Mabee's earlier opinion because (1) it was based on Farrens's unreliable self-report and on a recent suicide attempt[2] from which Farrens quickly improved (2) the mental status examination was relatively normal (3) other than the single suicide attempt there is no evidence Farrens's condition worsened between the two evaluations (4) Farrens has not sought the type of mental health treatment one might expect from a person with marked limitations in social functioning and (5) a person with marked social limitations is unlikely to have a group of friends, as Farrens does (Tr. 31, 216, 252, 314, 456, 459, 517).

The ALJ's reasons are specific, legitimate and supported by substantial evidence. Farrens was terminated from mental health treatment because he failed to attend regularly. *See e.g.* Tr. 433,

---

[2]Farrens took an overdose of a prescribed antidepressant, amitriptyline, on June 7, 2009 reportedly after an argument with his fiancé (Tr. 396, 399, 405). About a month later Farrens reported he had increased his marijuana use over the past six months (Tr. 434). *See also* Tr. 251 (substance abuse of marijuana noted, will be recommended to treatment soon).

438-39, 443, 447-48. As noted, a former employer's opinion that Farrens had no issues with co-workers, had no "write-ups" for violating workplace rules and showed no sign of any mental limitations also supports the ALJ's RFC assessment (Tr. 203-04).

The evidence supports the weight the ALJ gave the conflicting medical evidence as well as the assessed RFC.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 21,** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, **ECF No. 18,** is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

**DATED** this 13th day of May, 2013.

                                    S/ James P. Hutton
                              JAMES P. HUTTON
                        UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13